Stanley Eugene MEANS, Appellant,

v.

The STATE of Texas, Appellee.

No. 42641.

Court of Criminal Appeals of Texas.

March 4, 1970.

Samuel L. Egger, San Antonio, for appellant.

James E. Barlow, Dist. Atty., and Sparta Bitsis, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Justice.

The offense is murder; the punishment, 99 years.

The indictment returned June 12, 1968, alleged that on or about December 13, 1965, appellant did voluntarily and with malice aforethought kill and murder Houston Arnold Willis by choking and strangling him with an electric cord and by choking and strangling him with a necktie.[1]

After entering a plea of not guilty upon arraignment, and after the state had withdrawn notice that it would seek the death penalty, appellant after consulting with his court appointed counsel withdrew all prior motions attacking the admissibility of his confession, waived a jury and entered a plea of guilty before the court.

The record reflects a careful compliance with the statutes relating to the waiver of a jury in a capital felony case where the state has made known to the court in writing in open court that it will not seek the death penalty. Arts. 1.13 and 1.14 Vernon's Ann.C.C.P.

Also the record shows that prior to accepting the plea of guilty, the trial court admonished appellant of the consequences of his plea including the punishment applicable to the offense charged where the death penalty has been waived.

---

1. Appellant was convicted of murder in Harris County which conviction was affirmed by this court in Means v. State, 429 S.W.2d 490, and the indictment in the case at bar was returned while his motion for rehearing in the Harris County case was pending in this court.

Pursuant to the requirements and conditions of Art. 1.15 V.A.C.C.P., the state offered the written waiver, consent to stipulate, and stipulation including appellant's sworn statement: "I also admit that I committed the murder alleged in this indictment," and his sworn statement and stipulation in writing that he was the identical person named in the indictment and that all the acts and allegations in said indictment charging the offense of murder with malice were true and correct.

The stipulation, to which were attached the medical examiner's autopsy report, the confessions of appellant and statements of witnesses and investigation reports, was admitted in evidence without objection.

In view of the foregoing, we find no merit in appellant's grounds of error which complain of the introduction in evidence of his extrajudicial confessions and of the sufficiency of the evidence.

The judgment is affirmed.

MORRISON, J., not participating.